IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**REBECCA MCMAHON**
400 4th Street E
Menomonie, WI 54751

    Plaintiff,

v.                                                                Case No.: 21-cv-544

**KOMRO SALES AND SERVICE, INC.**
W4666 State Highway 85
Durand, WI 54736

    Defendant.

---

# COMPLAINT

---

Plaintiff, Rebecca McMahon, through her attorneys, Hawks Quindel, S.C., by Aaron N. Halstead and Caitlin M. Madden, for her Complaint against the Defendant, Komro Sales and Service, Inc., states as follows:

## NATURE OF PROCEEDINGS

1.  Rebecca McMahon brings this civil action against Komro Sales and Service, Inc., claiming wage discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this civil action because it arises under the laws of the United States. 28 U.S.C. § 1331.

3. The Western District of Wisconsin is the proper venue for this civil action because a substantial part of the events or omissions giving rise to the claims occurred in the district. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Rebecca McMahon ("McMahon"), is an adult resident of Menomonie, Wisconsin.

5. Defendant, Komro Sales and Service, Inc. ("Komro Sales"), is a domestic business corporation with a principal office at W4666 State Highway 85, Durand, WI 54736.

6. Komro Sales' registered agent is Robert John Komro at W4666 State Highway 85, Durand, WI 54736.

7. Komro Sales is an employer within the meaning of 29 U.S.C. § 203(d) and 42 U.S.C. § 2000e(b).

8. McMahon was an employee of Komro Sales within the meaning of 29 U.S.C. § 203(e)(1) and 42 U.S.C. § 2000e(f) during the three years preceding the filing of this Complaint.

## FACTUAL ALLEGATIONS

9. McMahon started working for Komro Sales as a Parts Specialist in May 2018.

10. McMahon holds an associate's degree in organizational leadership.

11. McMahon's starting wage as a Parts Specialist was $18.50 per hour.

12. As a benefit of her employment, McMahon received 80 hours of paid time off annually and prorated for the first year of employment.

13. McMahon was eligible for Komro Sales' "Earn-a-Week" program depending on yearly safety initiatives.

14. McMahon was eligible for health insurance coverage with a 50-50 premium cost split between employer and employee starting the first full month after 60 days of employment.

15. McMahon was eligible for a 401k retirement plan with employee contribution after six months of employment and an employer contribution of three percent of gross wages after 12 months of employment.

16. McMahon was eligible for Komro Sales' profit-sharing program.

17. Through Komro Sales' profit-sharing program, each employee was assigned a certain number of "points," which equated to a particular "share" of the profit-sharing. Throughout the year, Komro Sales would determine the amount of monetary value to assign to each "point." Eligible employees were paid profit sharing equal to the monetary value of each "point" and the number of points they had been assigned by Komro Sales.

18. In January 2019, McMahon received a raise and starting earning $19.00 per hour.

19. In August 2019, McMahon was promoted to Bobcat Parts and Service Manager.

20. McMahon did not receive a raise upon the August 2019 promotion, so her starting wage as Bobcat Parts and Service Manager was $19.00 per hour.

21. As Bobcat Parts and Service Manager, McMahon typically worked between 50 and 55 hours per week.

22. McMahon's paid time off, "Earn-a-Week" program, health insurance, 401k, and profit-sharing benefits remained the same as they were when she worked as a Parts Specialist.

23. McMahon was not eligible to receive bonuses beyond profit sharing as a Bobcat Parts and Service Manager.

24. In January 2020, McMahon received a raise and started earning a $55,000 annual salary.

25. In January 2021, McMahon received a raise and started earning a $56,500 annual salary.

26. McMahon grew Komro Sales' Bobcat sales and service business during her employment as Bobcat Parts and Service Manager.

27. Bobcat parts sales increased from approximately $1,000 per week to approximately $2,000-$4,000 per week during McMahon's employment as Bobcat Parts and Service Manager.

28. From January 2021 to July 2021, Bobcat parts sales increased by approximately 34 percent.

29. Komro Sales' gross receipts from service to Bobcat equipment increased from approximately $15,000 per month to approximately $50,000 per month during McMahon's employment as Bobcat Parts and Service Manager.

30. McMahon consistently received positive feedback during annual performance reviews.

31. For the 2020 performance review, conducted on January 21, 2021, McMahon's supervisor, Matt Reilly ("Reilly"), wrote: "excellent customer relations skills (people like working with you, calm, patient)."

32. For the 2019 performance review, conducted on January 3, 2020, Reilly wrote: "<u>Positive attitude, upbeat, and easy to work with,</u> has good product knowledge that grows, you retain things that u learned, Desire to make the Bobcat shop a success, show patients with new tech's, good organization skills."

33. For the 2018 performance review, conducted on January 23, 2019, McMahon's supervisor, Steve Brantner ("Brantner"), wrote: "Personable, easy to talk to, eager to help. When like something really absorbs yourself into it and goes above and beyond to improve."

34. Throughout her employment, McMahon was subjected to repeated remarks demeaning her capability to perform her job due to her gender and other inappropriate conduct by her coworkers.

35. Early in McMahon's employment, her male coworker, Lonnie Harmon ("Harmon"), grabbed her and shook her by the shoulders.

36. McMahon reported the Harmon incident to co-owner Mike Serum ("Serum").

37. After making this report, McMahon's supervisor, Brantner, conducted her 90-day performance review. As part of this review, McMahon raised her discomfort with Harmon's conduct toward her as a concern in her employment.

38. Brantner did not address this issue with Harmon, and Harmon continued his aggressive and insulting behavior toward McMahon.

39. On another occasion, Harmon told McMahon that the only reason why people talked to or helped her was because she was pretty.

40. On another occasion, around May 2021, McMahon overheard co-owner Bob Komro telling her then-supervisor, Reilly, that he did not believe McMahon could run the shop as well as a man because she had not "put her hands inside a Bobcat," or similar words to that same effect, and that McMahon should be assigned to administrative work, not customer-facing work.

41. Other Komro Sales employees remarked that McMahon could not perform her job as well as a man could.

42. McMahon tried to file an internal written complaint about these incidents and comments, but Komro Sales rebuffed her.

43. On July 15, 2021, owner Bob Komro terminated McMahon's employment.

44. On information and belief, Reilly is currently performing McMahon's job duties.

45. Tony Bethke ("Bethke") worked as the Bobcat Parts and Service Manager immediately before McMahon, from January 2019 to August 2019.

46. On information and belief, Bethke's highest level of education at the time he was the Bobcat Parts and Service Manager is a high school diploma.

47. Bethke's starting salary as a Bobcat Parts and Service Manager was $59,000 annually.

48. Bethke received 80 hours of paid time off annually and prorated for the first year of employment.

49. Bethke was eligible to receive a $2,000 sign on bonus in July 2019 upon a satisfactory review.

50. Bethke was eligible for the "Earn-a-Week" program depending on yearly safety initiatives.

51. Bethke was eligible for health insurance coverage with a 50-50 premium cost split between employer and employee starting the first full month after 60 days of employment.

52. Bethke was eligible for a 401k retirement plan with employee contribution after six months of employment and an employer contribution of four percent of gross wages after 12 months of employment.

53. Bethke was eligible for Komro Sales' profit-sharing program.

54. On information and belief, Bethke's profit-sharing percentage as a Bobcat Parts and Service Manager was higher than McMahon's profit-sharing percentage as a Bobcat Parts and Service Manager.

55. On information and belief, Bethke received raises during his employment as the Bobcat Parts and Service Manager.

56. Bethke's role as Bobcat Parts and Service Manager required equal skill, effort, and responsibility, and was carried out under similar working conditions, as McMahon's role as Bobcat Parts and Service Manager.

### CAUSE OF ACTION:
### Violation of the Equal Pay Act
### 29 U.S.C. § 206(d)

57. Plaintiff re-alleges and re-incorporates by reference the allegations contained in the above paragraphs.

58. Komro Sales paid similarly-situated male employees, including Bethke, a higher salary than McMahon, a female employee, for jobs that required equal skill, effort, and responsibilities under similar working conditions.

59. On information and belief, Komro Sales paid similarly-situated male employees, including Bethke, a higher share of company profits than McMahon, a female employee, for jobs that required equal skill, effort, and responsibility under similar working conditions.

60. Komro Sales engaged in a pattern and practice of unequal pay between similarly-situated male and female workers, including McMahon, for jobs which required equal skill, effort, and responsibilities under similar working conditions.

61. Komro Sales failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate unequal pay based on gender from the workplace and prevent it from occurring in the future.

62. The differences in pay between male and female employees was not the result of a seniority system; a merit system; a system which measures earnings by quantity or quality of production; or a differential based on any other factor other than sex.

63. As a direct and proximate result of Komro Sales' pattern and practice of unequal pay between similarly-situated male and female workers for jobs which required equal skill, effort, and responsibilities under similar working conditions, McMahon has suffered and will continue to suffer damages.

64. McMahon has simultaneously filed a charge with the Equal Employment Opportunities Commission and requested a right to sue letter, and intends to amend this Complaint to add her claims under Title VII of the Civil Rights Act, 29 U.S.C. § 2000e-2(a)(1).

## PRAYER FOR RELIEF

Plaintiff, Rebecca McMahon, requests the following relief:

A. A declaratory judgment that Komro Sales and Service violated the Equal Pay Act;

B. An award of money representing the difference between the compensation paid to McMahon and the compensation paid to similarly-situated male employees, including, but not limited to, differences in salary, bonuses, 401k contributions, and profit sharing, provided by 29 U.S.C. § 206(d);

C. A finding that Komro Sales and Service's actions were willful under 29 U.S.C. § 255;

D. Liquidated damages in an amount equal to the amount awarded to McMahon as damages, as provided in 29 U.S.C. § 216(b);

E. A permanent injunction restraining Komro Sales and Service from violating the Equal Pay act, as provided in 29 U.S.C. § 217;

F. All attorney's fees incurred by McMahon in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b); and

G. Such other legal and equitable relief as this Court deems just and necessary to vindicate McMahon's rights under the Equal Pay.

## JURY DEMAND

Plaintiff, Rebecca McMahon, requests a jury trial on all questions of fact and law raised by her Complaint.

Dated this 26th day of August, 2021.

        **HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiff, Rebecca McMahon*

By: */s/ Aaron N. Halstead*
Aaron N. Halstead, State Bar No. 1001507
Email: ahalstead@hq-law.com
Caitlin M. Madden, State Bar No.: 1089238
Email: cmadden@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236